IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SPECIALIZED LOAN SERVICING LLC, §
                                §
              Plaintiff,        §
                                §
v.                              §
                                §        Case No. 3:21-cv-01909-E
                                §
JAMES M. DAUGHERTY, SHERRY      §
FLEWELLEN, AND KINGDOM          §
GROUP INVESTMENTS, INC.,        §
                                §
              Defendants.       §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Specialized Loan Servicing LLC's ("SLS") Second Motion for Final Default Judgment against Defendants James M. Daugherty, Sherry Flewellen, and Kingdom Group Investment, Inc. (collectively, "Defendants") (ECF No. 28). For the reasons explained below, the Court **DENIES** Plaintiff's Motion.

### Background

This case arises out of Plaintiff SLS's attempt to foreclose on Defendants' interests in certain property located in Irving, Texas ("the Property"). SLS alleges that on or about November 24, 2003, Defendant James M. Daugherty purchased the Property by using loan proceeds evidenced by a Note and secured by a Deed of Trust ("Security Instrument"). Compl. ¶¶ 10–11 (ECF No. 1). Through a series of assignments, SLS became the servicer of the loan and is the last assignee of record of the Security Instrument. *Id.* at ¶ 17; *see also* App. Mot. Default Ex. A (ECF No. 28-1).

The Note and Security Instrument (together, the "loan documents") required Daugherty to make regular payments, but SLS alleges that Daugherty defaulted on this payment obligation.

1

*Id.* at ¶ 15. SLS also alleges that Daugherty failed to pay the required assessments to the Las Colinas Condominium Association (the "Condo Association"), and therefore that the Condo Association foreclosed its lien on the Property in June 2016. *Id.* Defendant Sherry Flewellen purchased the Property at the foreclosure sale, but she also failed to pay the required assessments, and Defendant Kingdom Group Investments, Inc. ("Kingdom Group") purchased the Property in 2021 at a subsequent foreclosure sale.[1] *Id.* at ¶ 16. SLS brought this civil action on August 17, 2021, seeking foreclosure of Defendants' interests in the property. *Id.* at ¶ 18. SLS alleges that despite providing the required notice to Daugherty, he failed to cure the default, and thus that SLS is entitled to foreclose in accordance with the loan documents. *Id.* at ¶¶ 18–19.

SLS served Flewellen at the Property on October 30, 2021. *See* Summons (ECF No. 9). After a few unsuccessful attempts at service on Kingdom Group, SLS moved for substituted service, which the Court granted on November 29, 2021. *See* Mot. Sub. Serv. (ECF No. 6); Order (ECF No. 13). SLS served Kingdom Group the following day by leaving the summons on the door of Kingdom Group's registered agent. *See* Summons (ECF No. 15). SLS requested the Clerk to issue a summons as to Daugherty on November 15, 2021, exactly 90 days after initiating this lawsuit. *See* Req. (ECF No. 7). The Clerk issued a defective summons that advised Daugherty he must respond "within 1 days after service of this summons" instead of 21 days. *See* Summons (ECF No. 8). The Clerk reissued a corrected summons the following day. *See* Summons Reissued (ECF No. 10). After several attempts to locate Daugherty, SLS found him at a hotel in Irving, on March 25, 2022. *See* Summons (ECF No. 20). However, Daugherty was

---

[1] The Court is aware of a related case, *Bryant v. Ditech Financial, LLC*, 3:22-cv-00252-B, involving the same Property and an individual, Khaliq Bryant, who appears to have an interest in the Property. Bryant allegedly purchased the Property from Kingdom Group and sued SLS, as successor to Ditech Financial, LLC, in 2022 to quiet title. Bryant's appeal to the Fifth Circuit of the District Court's dismissal with prejudice of his case is pending.

served with the defective summons rather than the reissued, corrected summons. *See id.* (noting that Daugherty must respond "within 1 days after service of this summons on you").

When no Defendant answered SLS's Complaint or otherwise appeared in the lawsuit, SLS moved for entries of default and sought separate default judgments against each Defendant. *See* Mots. Default (ECF Nos. 12, 16, & 24). The Court denied these motions. *See* Order (ECF No. 27). SLS has now renewed its request for Default Judgment in a single motion as to all Defendants, and has provided an Appendix of relevant evidence. *See* Second Mot. Default (ECF No. 28); App. (ECF No. 28-1). No Defendant filed a response.

**Legal Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a default has been entered, the factual allegations of the complaint are taken as true. *U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). Whether to enter default judgment is within the sound discretion of the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 144 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge.")). "[A] 'party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default.'" *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)); *accord*

3

*Nat'l Cas. Co. v. KT2 LLC*, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, the Court examines whether a default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis exists in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although a defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* However, "the requisite threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss." *Edmond v. Marathon Petroleum Co., LP*, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

**Analysis**

SLS did not properly serve Daugherty under Federal Rule of Civil Procedure 4, and therefore a default judgment is not procedurally proper as the Court lacks personal jurisdiction over Daugherty. Without proper service on Daugherty, SLS is not entitled to an order of judicial foreclosure as to Defendants' interests in the Property. Because service was not proper, the Court need not reach the question of whether default judgment is warranted on the merits of SLS's Complaint.

Here, service on Daugherty was both untimely and defective under Rule 4, and therefore SLS cannot obtain a default judgment. *See Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (explaining that until a defendant is properly served, a plaintiff cannot obtain a default judgment); *Kobos v. BeyondTrust, Inc.*, 2021 WL 5629147, at *2 (N.D. Tex. Nov. 30, 2021) (same). First, Rule 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint is filed, or the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). However, SLS did not request the issuance of a summons as to Daugherty until November 15, 2021—exactly 90 days after filing its complaint—and did not serve the summons on Daugherty until several months later, on March 25, 2022. Service in this case was therefore untimely under Rule 4(m). *See Thrasher v. City of Amarillo*, 709 F.3d 509, 513–14 (5th Cir. 2013).

Even if the Court could find good cause in the record for SLS's delay in both requesting the summons and serving it on Daugherty, the summons was defective when SLS finally did accomplish service. Rule 4(a)(1)(D) requires that a summons must state the time within which the defendant must appear and defend. Fed. R. Civ. P. 4(a)(1)(D). The summons that SLS ultimately served on Daugherty did not correctly state the time within which Daugherty must appear and defend; instead, SLS served the defective summons stating that Daugherty must respond "within 1 days after service of this summons." *See* Summons (ECF No. 20). Service that does not comply with Rule 4 is defective, and absent proper service, the Court lacks personal jurisdiction over the defendant. *Parker v. ETB Mgmt. LLC*, 2014 WL 12638382, at *1 (N.D. Tex. Sept. 29, 2014). Without personal jurisdiction, any default judgment would be void—therefore, SLS's motion for default judgment must be denied. *Kobos*, 2021 WL 5629147, at *2–3.

SLS included in their Complaint the two other Defendants, Flewellen and Kingdom Group, due to their alleged interests in the Property that are subject to SLS's lien. *See* Compl. Indeed, even though Flewellen and Kingdom Group are in default, the Court cannot issue SLS's proposed order allowing foreclosure on all interests in the Property without personal jurisdiction over Daugherty, because Daugherty is the original mortgagor and SLS's lien is senior to any interest held by Flewellen and Kingdom Group. *See DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F. Supp. 2d 567, 573–74 (W.D. Tex. 2012) ("Under Texas common law, foreclosure does not terminate interests in the foreclosed real estate that are senior to the lien being foreclosed").

Further, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Richardson v. Avery*, 2016 WL 7803155, at *3 (N.D. Tex. Dec. 22, 2016), *adopted by* 2017 WL 213056 (N.D. Tex. Jan. 17, 2017) (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam)). "In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* Due to the procedural deficiencies here, namely SLS's improper service on Daugherty, the Court declines to enter a default judgment in this case.

**Conclusion**

For the reasons explained above, SLS's Motion for Default Judgment against Defendants is **DENIED**.

**SO ORDERED** on this day of March 1, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE